IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BRANDON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-104 |
| v. | : | |
| GEORGE W. HILL CORRECTIONAL FACILITY, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                    February 8, 2019

The *pro se* prisoner plaintiff has filed this action under 42 U.S.C. § 1983 against a county jail because it allegedly lost his personal property after his transfer from a rehabilitation facility. The plaintiff has sought leave to proceed *in forma pauperis*. As discussed in more detail below, although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss the complaint with prejudice because (1) the county jail is not a proper defendant in this action under section 1983, and (2) the plaintiff cannot pursue a Fourteenth Amendment due process claim against any defendant because he has an adequate state remedy available to him.

### I.     ALLEGATIONS AND PROCEDURAL HISTORY

On January 8, 2019, the clerk of court docketed a complaint the *pro se* plaintiff, David Brandon ("Brandon") filed against the George W. Hill Correctional Facility ("GWHCF").[1] *See*

---

[1] Brandon has filed three additional matters that are currently pending in this court. *See Brandon v. George W. Hill Corr. Facility*, Civ. A. No. 18-4852 (E.D. Pa.); *Brandon v. Bowling Green Brandywine, et al.*, Civ. A. No. 18-5642 (E.D. Pa.); *Brandon v. Tillitson, et al.*, Civ. A. No. 18-5643 (E.D. Pa.). In Civil Action No. 18-4852, shortly after the court entered a memorandum opinion and order that dismissed the complaint and provided Brandon leave to file an amended complaint, he filed a document he titled as an amended complaint, but it is evident from the document that he did not file it in response to the court's order. *See* Mem. Op., *Brandon v. George W. Hill Corr. Facility*, Civ. A. No. 18-4852 (E.D. Pa.), Doc. No. 6; Order, *Brandon v. George W. Hill Corr. Facility*, Civ. A. No. 18-4852 (E.D. Pa.), Doc. No. 7; Am. Compl., *Brandon v. George W. Hill Corr. Facility*, Civ. A. No. 18-4852 (E.D. Pa.), Doc. No. 8. Because the "amended complaint" related to a different claim than he raised in the original complaint and it was

Doc. No. 1. The court entered an order on January 10, 2019, requiring Brandon to, within 30 days, either file a completed application to proceed *in forma pauperis* or pay the filing fee and administrative fee. *See* Order at 1, Doc. No. 3. Brandon filed an application for leave to proceed *in forma pauperis* (the "IFP Application") and a prisoner trust fund account statement that the clerk of court docketed on February 1, 2019. *See* Doc. Nos. 4, 5.

In the complaint, Brandon alleges that on November 2, 2018, he was transported from the Bowling Green Brandywine Rehabilitation Center to GWHCF. *See* Compl. at ECF pp. 5, 10. He had a "big plastic bag of clothing and personal belongings" with him. *See id.* at ECF p. 5. Those belongings included three jackets, three pairs of jeans, three dress shirts, three sneakers, a pair of boots, two belts, three "boxer underwear," three t-shirts, four pairs of socks, shampoo, conditioner, body wash, "hair grease," toiletries, and a "Recovery Life Bible." *See id.* at ECF p. 10. Brandon claims that GWHCF never itemized this property even though he was told that the itemization would occur while he was placed in a cell. *See id.*

Brandon remained in booking for four days, and then he was placed in intake block 8C for a week until being moved to 8D for "1 1/2 wks." *See id.* During this time, Brandon was unable to make a phone call to ask someone to pick up his property. *See id.* Brandon claims that when he was ultimately able to make a call, he was told that he had only 20 days to have someone pick up his property. *See id.* He alleges that his 80-year-old mother came to GWHCF on three occasions and was denied access to his property. *See id.* The property was apparently misplaced,

---

evident that Brandon did not file it in response to the court's order, the court entered an order directing the clerk of court to strike the "amended complaint" and docket it at a different docket number. *See* Order, *Brandon v. George W. Hill Corr. Facility*, Civ. A. No. 18-4852 (E.D. Pa.), Doc. No. 9. The clerk of court docketed the "amended complaint" as the complaint in the instant civil action.

and for relief, Brandon wants the court to require GWHCF to reimburse him for his loss of property.[2] *See id.* at ECF p. 7.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must]

---

[2] Brandon appears to have included an itemized list of these items with their estimated value. *See* Compl. at ECF p. 11. Brandon claims that the total value of the property was $4,044.99. *See id.*

3

review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and the prisoner trust fund account statement, it appears that Brandon is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[3]

### B. Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted Brandon leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch*, 67 F.3d at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of

---

[3] As a prisoner, Brandon is obligated to pay the filing fee in installments in accordance with the PLRA. *See* 28 U.S.C. § 1915(b).

the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C. Analysis

Brandon brings his claims against GWHCF under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 47 (1988). Brandon's complaint fails to state a claim for relief for the following reasons.

First, Brandon has named only GWHCF as a defendant in this matter and it is not a proper defendant in a section 1983 action. In this regard, section 1983 provides in pertinent part as follows:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

As evidenced by a review of the statute, section 1983 "applies only to 'persons.'" *Fraser v. Pa. State Sys. of Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995). GWHCF is the county prison for Delaware County. *See Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) (stating that "Delaware County Prison[ is] now known as the George W. Hill Correctional Facility"), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). A county correctional facility, such as GWHCF, is not a "person" under section 1983. *See Ignudo v. McPhearson*, No. Civ.A. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004) ("[Plaintiff] also names as a Defendant the George W. Hill Correctional Facility. The George W. Hill Correctional Facility is not a legal entity susceptible to suit."); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (per curiam)

(determining that district court properly concluded that county prison is not "person" within meaning of section 1983).

Second, it appears that Brandon is pursuing a due process claim under the Fourteenth Amendment based on the loss of his property; however, there is no basis for a due process claim because Pennsylvania law provides Brandon with an adequate state remedy. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that Pennsylvania Tort Claims Act provides adequate remedy for willful deprivation of property); *see also Pelzer v. Pry*, No. 50 C.D. 2012, 2013 WL 3970388, at *5, n.6 (Pa. Commw. Mar. 15, 2013) (concluding individual correctional officers were not entitled to sovereign immunity under 42 Pa. C.S. § 8522(b)(e) in action where plaintiff claimed that "while his boxes of personal property and television were in Defendants' possession, Defendants negligently caused the loss or destruction of that property").

Accordingly, because Brandon cannot assert a section 1983 claim against GWHCF and because he cannot state a Fourteenth Amendment due process claim, the court must dismiss the complaint.

### D.  Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a

7

claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, the court finds that amending the complaint would be futile, so the court will not grant leave to Brandon to file an amended complaint.

### III. CONCLUSION

For the foregoing reasons, the court will grant Brandon leave to proceed *in forma pauperis* but will dismiss the complaint with prejudice. Brandon has not identified a proper defendant in this section 1983 action. Even if Brandon could assert a claim against an official at GWHCF, he cannot assert a plausible claim under the Fourteenth Amendment because he has an adequate state remedy available to him. Accordingly, the court will dismiss this action.

The court will enter a separate order.

BY THE COURT:

_/s/ Edward G. Smith___
EDWARD G. SMITH, J.